UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| BRAND VENTURES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   6:17-cv-01983-GKS-KRS |
| | ) | |
| TAC5, LLC; | ) | |
| NATIONAL ENTERPRISE GROUP, LLC; | ) | |
| JOHNATHAN CURTIS; and | ) | |
| JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRAND VENTURES, INC.'S RESPONSE IN OPPOSITION TO
DEFENDANT JOHNATHAN CURTIS'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Brand Ventures, Inc. ("Brand Ventures" or "Plaintiff") hereby submits its opposition to Defendant Johnathan Curtis's Motion to Dismiss [DE12] ("Defendant's Motion").

**I. INTRODUCTION**

Defendant Johnathan Curtis ("Curtis") has filed a motion to dismiss all counts asserted against him by Brand Ventures in its Verified Complaint, claiming that Brand Ventures has not properly pleaded that he is individually liable for the claims asserted therein. *See generally,* Defendant's Motion.  Curtis included no evidence or declaration in support of the motion. Defendant Curtis's motion is contrary to the standards for individual liability for copyright and trademark infringement.  Brand Ventures has alleged that Curtis may be held directly, contributorily, and vicariously liable for infringement of Brand Ventures' intellectual property rights.  As such Curtis's motion should be denied in its entirety.

1

## II. FACTUAL BACKGROUND

This case involves the intentional trademark infringement and widespread copyright infringement by Defendants TAC5, LLC ("TAC5"), National Enterprise Group, LLC ("NEG"), and Johnathan Curtis (collectively "Defendants").  As is stated in the Verified Complaint [DE 1], Brand Ventures launched its "1TAC" and "1HYDRO" brands of survival gear including several varieties of flashlights, personal water filtration products, and other items in February, 2016.  Id. at ¶¶ 23-25, 28-29.  Brand Ventures sells the 1TAC and 1HYDRO products exclusively through its online sales channels.  Id. at ¶¶ 22, 26-27.  Online marketing for Brand Ventures' products is displayed on Brand Ventures' 1TAC website, and on other marketing pages.  Id.  The marketing materials consist predominantly of original text, images, and HTML (website) code created by Brand Ventures.  Id. at ¶ 30.  The original content – consisting of original photographs, original web pages, original HTML code, and an original (print) catalog – created, displayed, and distributed by Brand Ventures and which is at issue in this matter are the subject of four registered copyrights.  Id. at ¶¶ 31-38.

Defendants launched their competing "TAC5" and "HYDRO5" brands of facially-identical flashlights, personal water filtration products, and other items at some point on or after February, 2017 (i.e., more than one year after Brand Ventures began selling its 1TAC and 1HYDRO products).  Id. at ¶ 39.  Defendants sell their competing products through their own online sales channels, which include a number of different websites at a variety of domains, including TAC5.com.  Id.  Defendants' websites make extensive use of their "TAC5" and "HYDRO5" brands.  Id. at ¶ 40.  Defendants' websites also copy extensively from Brand Ventures' photographs, text, and HTML code.  Id. at ¶ 41-44; *see also* Declaration of Rick Bennink at Exhibit F to the Verified Complaint [DE 1].

On June 19, 2017, Brand Ventures notified Defendants that it believed that their TAC5 and HYDRO5 brands infringed upon Brand Ventures' senior 1TAC and 1HYDRO marks, and that nearly every photograph, every sentence of text, and every scrap of HTML code in use on Defendants' websites had been illegally copied from Brand Ventures' 1TAC website. Verified Complaint at ¶ 49. The June 19, 2017 cease and desist correspondence was sent directly to the registered agents for TAC5 and NEG, as well as to Curtis at his residence in Sanford, Florida. Id.

As set forth in Brand Ventures' Verified Complaint, Curtis may be held personally liable for Defendants' infringing conduct under three different theories. Curtis faces direct liability for personally participating in the selection, display, and use of the infringing TAC5 and HYDRO5 marks, as well as the copying, commercial use, display, and distribution of Brand Ventures' copyrighted works, including more than 160 images, pages of advertising copy text, HTML code, and the Defendants' version of Brand Ventures' print catalog. *See, e.g.,* Verified Complaint at ¶¶ Introductory Paragraph[1], ¶¶ 41-44, 46-48. In addition, Curtis faces contributory and vicarious liability for TAC5 and NEG's infringement because he is "an officer, manager, and owner of TAC5 and NEG, and personally ordered, directed, ratified, and endorsed each of the tortious and infringing acts of those co-Defendant entities as identified herein." Id. at ¶ 14. Curtis had the right and ability to supervise, direct, and control the infringing activities, and he derived direct financial benefit from the wrongful conduct at issue. Id. Consequently, Curtis must not be dismissed from this action.

---

[1] In the Verified Complaint, Brand Ventures expressly defines the term "Defendants" to include Curtis. It is well recognized that a plaintiff may level claims against all defendants, without repeating each defendant's name throughout a complaint. *See, e.g., Wanacheck Mink Ranch v. Alaska Brokerage Intern., Inc.,* 2009 WL 1342676 at *3, No. C06-089RSM (W.D. Wash. May 5, 2009) ("the allegation is that all defendants took the actions alleged [in the complaint], so it is not necessary to name them individually.")

## III. ARGUMENT

A. **Applicable Legal Standards for Motions to Dismiss.**

If Curtis's motion is evaluated under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept well-pleaded facts as true and construe them in the light most favorable to Brand Ventures in weighing the sufficiency of the complaint. *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010). If the complaint alleges enough facts to state a claim that is plausible on its face, then it is sufficient. *Id.* This does not require detailed factual allegations. *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). The factual content must only be adequate for a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "[T]he mere fact that a complaint includes allegations asserted on information and belief is not, in and of itself, a basis for dismissal." *Latele Television C.A. v. Telemundo Commc'ns Grp., LLC,* 2013 WL 1296314, at *11, No. 12–22539–CIV, (S.D. Fla. March 27, 2013) (citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir.2010)). Indeed, "[t]he *Twombly* plausibility standard ... does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the belief is based on factual information that makes the inference of culpability plausible." *Associated Indus. Ins. Co. v. Advanced Mgmt. Servs., Inc.,* 2013 WL 1176252, at *3, No. 12–80393–CIV, (S.D. Fla. March 20, 2013) (citing *Iqbal,* 556 U.S. at 678) (internal quotation marks omitted).

B. **Brand Ventures Has Sufficiently Pleaded Curtis's Individual Liability.**

In this case, Brand Ventures has successfully pleaded Curtis's direct, contributory, and vicarious liability.

4

1. **Brand Ventures Properly Alleged Curtis's Direct Liability.**

An individual cannot evade liability for infringement by hiding behind a limited liability company. An individual who personally participates in copyright or trademark infringement is liable for such infringement, even if he is a corporate officer. *Babbit Electronics, Inc. v. Dynascan Corp.,* 38 F.3d 1161, 1184 (11th Cir. 1994); *Playboy Enters., Inc. v. Starware Publ'g. Corp.,* 900 F. Supp. 438, 441-42 (S.D. Fla. 1995).

Brand Ventures has alleged that Curtis is directly liable for personally participating in infringing activities. Specifically, Brand Ventures alleges Curtis "personally ordered, directed, ratified, and endorsed each of the tortious and infringing acts of" TAC5 and NEG "as identified herein." Complaint at ¶ 14. Further, Brand Ventures alleged that all defendants were notified in writing on June 19, 2017 that they were infringing upon the Brand Ventures marks and copyrighted works. Id. at ¶ 49. As such, Brand Ventures has sufficiently alleged a plausible basis for Curtis's direct liability for the infringing activities.

2. **Brand Ventures Properly Alleged Curtis' Contributory Liability.**

An individual faces liability for contributory trademark infringement if he "assists others in direct trademark infringement" or is "willfully blind" to infringement that he is in a position to stop. *See Babbitt Electronics,* 38 F.3d at 1184 (a corporate officer who is "the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil."); *Cable/Home Comm. Corp. v. Network Prods., Inc.,* 902 F.2d 829, 845-46 (11th Cir. 1990); *Michael Grecco Prods., Inc. v. RGB Ventures, LLC,* 2017 WL 4077045, at *7, No. 3:16-CV-1335-J-34PDB, (M.D. Fla. Sept. 14, 2017); *Arbitron Inc. v. Renda Broad. Corp.,* 2014 WL 1268587, at *5-6, No. 3:13-CV-716-J-34JRK, (M.D. Fla. Mar. 27, 2014).

Similarly, an individual can be held liable for contributory copyright infringement. "It is well settled that 'one who, with knowledge of the infringing activity, induces, causes, or

materially contributes to the infringing activity of another, may be held liable as a 'contributory' [copyright] infringer.'" *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.,* 749 F.2d 154, 160 (3rd Cir. 1984) (quoting *Gershwin Publ'g. Corp. v. Columbia Artists Management, Inc.,* 443 F.2d. 1159, 1162 (2d. Cir. 1971)). In this context, the standard for "knowledge" is objective. An individual is liable for contributory infringement even if he does not have actual knowledge of the infringing activity, but should have had reason to know of the infringing conduct. *Cable/Home,* 902 F.2d at 845-46 (11th Cir. 1990).

In this case, Brand Ventures has alleged that Curtis assisted in the infringing conduct of TAC5 and NEG in their ongoing infringement of Brand Ventures registered and unregistered marks and registered copyrighted works. Verified Complaint at ¶ 14. Brand Ventures has also alleged that Curtis is an owner, officer, and/or manager of TAC5 and NEG who controls it, and therefore has the right and ability to supervise it, placing Curtis in the position to stop its infringing activities. Id. Brand Ventures has therefore sufficiently alleged that Curtis either assisted and contributed to TAC5 and NEG's infringing conduct, or chose to be willfully blind to it despite his position, and he can be held liable for contributory infringement on either basis.

### 3. Brand Ventures Properly Alleged Curtis's Vicarious Liability.

Individuals such as Curtis may also be held vicariously liable for copyright infringement. It is well established that an individual who has the right and ability to supervise and a financial interest in the activities of a direct copyright infringer is vicariously liable for the infringement. *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 262 (9th Cir. 1996); *Playboy,* 900 F. Supp. at 441 (quoting *Southern Bell Tel. & Tel. Co. v. Assoc. Telephone Directory Publishers,* 756 F.2d 801, 811 (11th Cir. 1985)); *see also Southern Bell,* 756 F.2d. at 811 ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity … is personally liable for the infringement.").

For example, in *All Nations Music v. Christian Family Network, Inc.,* 989 F.Supp. 863, 865-69 (W.D. Mich. 1997), the officer of a corporation that owned a radio station was held vicariously liable for the station's infringement, even though the officer was located 150 miles away and had "no hand in the day-to-day operations." <u>Id.</u> at 866, 868-69. According to the court, the officer had a financial interest in the radio station's use of the songs at issue, and could have controlled the operation of the station had he chosen to do so. <u>Id.</u> at 868-69.

Here, Brand Ventures has alleged that Curtis not only participated in the infringement, but also that he is an owner, officer, and manager of TAC5 and NEG, that he has the right and ability to direct and control the companies' infringing activities, and that he has derived direct financial benefit from the infringing activities. <u>Verified Complaint</u> at ¶ 14. Brand Ventures has also alleged that the principal place of business for both TAC5 and NEG is Curtis's residence in Sanford, Florida. <u>Id.</u> at ¶ 15. Brand Ventures has properly alleged Curtis's vicarious liability.

## IV. CONCLUSION

Brand Ventures has pleaded sufficient facts to state plausible claims against Curtis individually for copyright and trademark infringement on direct, contributory, and vicarious liability grounds. Brand Ventures respectfully requests that Curtis's motion to dismiss be denied in its entirety.[2]

Respectfully submitted this 21st day of December, 2017.

| | |
|---|---|
| 1175 Peachtree St. NE | **WELLBORN & WALLACE, LLC** |
| 100 Colony Square, Suite 300 | |
| Atlanta, Georgia 30361 | s/ Kelly O. Wallace |
| Phone: (404) 815-9595 | Kelly O. Wallace |
| Fax: (404) 815-9957 | Georgia Bar No. 734166 |
| E-mail: kelly@wellbornlaw.com | *(Admitted Pro Hac Vice)* |
| 501 East Kennedy Boulevard, Suite 750 | |
| Tampa, FL 33602 | **JOHN H. RAINS III, P.A.** |

---

[2] If the Court grants any part of Curtis's motion, Brand Ventures respectfully requests leave to amend its complaint.

7

Phone:  (813) 221-2777  
Fax:    (813) 221-3737  
Email:  jrains@johnrains.com  
        ehill@johnrains.com

s/ John H. Rains III  
John H. Rains, III  
Florida Bar No. 280283

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2017, I electronically filed this Response in Opposition to Motion to Dismiss with the Clerk of Court using the CM/ECF which also provides a copy of the referenced filing emailed to counsel for Defendants, Daniel A. Krawiec, Hinshaw & Culbertson, LLP, Email: dkrawiec@hinshawlaw.com.

**WELLBORN & WALLACE, LLC**

1175 Peachtree St. NE  
100 Colony Square, Suite 300  
Atlanta, Georgia 30361  
Phone:   (404) 815-9595  
Fax:     (404) 815-9957  
E-mail:  pete@wellbornlaw.com  
         kelly@wellbornlaw.com

s/ Kelly O. Wallace  
Kelly O. Wallace  
Georgia Bar No. 734166  
*(Pro Hac Vice Motion pending)*

**JOHN H. RAINS III, P.A.**

501 East Kennedy Boulevard, Suite 750  
Tampa, FL 33602  
Phone:  (813) 221-2777  
Fax:    (813) 221-3737  
Email:  jrains@johnrains.com  
        ehill@johnrains.com

s/ John H. Rains III  
John H. Rains, III  
Florida Bar No. 280283

Attorneys for Plaintiff