# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRAND VENTURES, INC.,

        Plaintiff,

v.                                                Case No: 6:17-cv-1983-Orl-40KRS

TAC5, LLC, NATIONAL ENTERPRISE GROUP, LLC, JOHNATHAN CURTIS, and JOHN DOES 1–5,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendant Johnathan Curtis' Motion to Dismiss (Doc. 12), filed December 12, 2017. Plaintiff Brand Ventures, Inc. responded in opposition on December 21, 2017. (Doc. 30). Upon consideration, Defendant's motion is due to be denied.

## I.    BACKGROUND[1]

Brand Ventures, Inc. ("Brand Ventures" or "Plaintiff") is an "internet product incubation company that builds specialized solutions for lead generation, consumer content, and direct-to-consumer e-commerce products." (Doc. 1, ¶ 22). Plaintiff brings suit against Defendants, TAC5, LLC, National Enterprise Group, LLC ("NEG"), and Johnathan Curtis. (*Id.* ¶¶ 11–15). Brand Ventures offers numerous products for sale under different trademarks. With respect to the current litigation, Brand Ventures alleges it owns

---

[1] This account of the facts is taken from Plaintiff's Verified Complaint (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

registered trademarks 1TAC and 1TAC TACTICAL OUTFITTERS (collectively, the "1TAC Marks") for use with tactical flashlights and other tactical gear. (*Id.* ¶¶ 24–25). It also uses the mark 1HYDRO for use with portable water purifiers. (*Id.* ¶¶ 23–24).

Brand Ventures markets and sells products bearing the 1TAC and 1HYDRO marks through websites it owns and various other online channels. (*Id.* ¶¶ 22, 26–27). The vast majority of online marketing materials consist of unique text, images and HTML code created by Brand Ventures. (*Id.* ¶ 30). These materials are the subject of four registered copyrights. (*Id.* ¶¶ 31–38).

In 2017, Defendants began using the "TAC5" and "HYDRO5" marks to sell near-identical products. (*Id.* ¶¶ 39–41, 45). The TAC5 name and logo are extremely similar to Brand Ventures' 1TAC name and logo. (*Id.* ¶ 40). In addition to the strong resemblance in product design and packaging, Defendants launched a website (www.TAC5.com) to sell its products that copied "nearly every element and aspect of the 1TAC website and its elements." (*Id.* ¶ 41). Defendants' websites copied from Plaintiff's websites: source code, photos and graphics, unique text, and a "Shopping Guide." (*Id.* ¶¶ 41–47). To conceal the copying, Defendants edited 1TAC's pictures, text, and graphics, removed references to 1TAC, and replaced them with references to TAC5. (*Id.* ¶¶ 47–48).

On November 10, 2017, Brand Ventures filed a four-count Verified Complaint. Count I alleges a copyright infringement claim. Count II avers a claim for trademark infringement. Count III asserts an unfair competition claim in violation of the Lanham Act. Count IV asserts an unjust enrichment claim under Florida law.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

## III. DISCUSSION

### A. Counts I–III

Defendant Johnathan Curtis moves to dismiss all claims asserted against him. (Doc. 12). Curtis argues first that Counts I–III should be dismissed because the Verified Complaint fails to allege sufficient facts to support individual liability. (*Id.* at pp. 2–4). In response, Plaintiff argues that it alleged sufficient facts to support the imposition of

individual liability against Curtis pursuant to direct, contributory, and vicarious liability. (Doc. 30).

"[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (per curiam). Further, "An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement." *S. Bell Tel & Tel. v. Assoc. Tel. Dir. Publishers*, 756 F.2d 801, 811 (11th Cir. 1985); *see also Foreign Imported Prods. & Pub. v. Grupo Indus. Hotelero, S.A.*, No. 07-22066-CIV, 2008 WL 4724495, at *13 (S.D. Fla. Oct. 24, 2008).

Rule 12(b)(6) does not demand the facts supporting Plaintiff's claims be alleged in "novelistic detail." *Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1311 (S.D. Fla. 2011). Here, the Verified Complaint states sufficient factual allegations to plead individual liability claims for the infringements alleged in Counts I–III.[2] Plaintiff alleges Curtis is an "officer, manager, and owner" of the infringing entities, and "personally ordered, directed, ratified, and endorsed" the alleged infringing activities. (Doc. 1, ¶ 14). Reading paragraph fourteen of the Verified Complaint alongside its account of pervasive

---

[2] *See also Tropical Smoothie Franchise Dev. Corp. v. Hawaiin Breeze, Inc.*, No. 805CV0054417TGW, 2005 WL 1500886, at *4 (M.D. Fla. June 23, 2005) (denying motion to dismiss unfair competition claim because of the similarity between unfair competition claims and trademark claims, where the complaint stated a plausible trademark infringement); 4 MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 25:24 (5th ed.) ("A trademark, like a patent or a copyright, may be infringed by an individual as well as a corporation and all participants, including those acting merely as officers of a corporation, may be jointly and severally liable.").

copyright and trademark infringements, the Court is satisfied that the Verified Complaint alleges plausible bases for individual liability against Defendant Curtis—officer, manager, and owner of the infringing companies.[3]

### B. Count IV

Curtis also avers that, if Counts I–III are dismissed, then "Count IV of the Complaint, which is based on the same factual predicate but brought under State law, should also be dismissed against Curtis." (Doc. 12, p. 5). And even if Count IV stated a plausible claim, Curtis contends it would be barred by Fla. Stat. §§ 605.04093(1), 605.0304(1) (2017). (*Id.*). Defendant's first argument fails because of the Court's finding that Counts I–III stated plausible claims.

The Court therefore need only decide whether Count IV is barred by the statutes identified by Plaintiff. Plaintiff's response in opposition to Defendant's motion to dismiss does not address these statutes.

The statutes at issue provide:

**605. 0304(1):**

(1) A debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company. A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager. . . .

**605.04093(1):**

(1) A manager in a manager-managed limited liability company or a member in a member-managed limited liability company is not personally liable for monetary damages to the limited liability company, its members, or any other person for any statement, vote, decision, or failure to act regarding

---

[3] The facts Defendant Curtis demands, moreover, are beyond Plaintiff's reach. *See United States v. Baxtern Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant.").

management or policy decisions by a manager in a manager-managed limited liability company or a member in a member-managed limited liability company unless:

> (a) The manager or member breached or failed to perform the duties as a manager in a manager-managed limited liability company or a member in a member-managed limited liability company; and
>
> (b) The manager's or member's breach of, or failure to perform, those duties constitutes any of the following:
>
> . . .
>
> 2. A transaction from which the manager or member derived an improper personal benefit, directly or indirectly.
>
> . . .
>
> 5. In a proceeding by or in the right of someone other than the limited liability company or a member, recklessness or an act or omission that was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. §§ 605.04093(1), 605.0304(1) (2017). At this early stage, it is unclear whether these statutes are lethal to Count IV.[4] Defendant's motion to dismiss Count IV is therefore due to be denied.

---

[4] Section 605.0304, on its face, appears to bar claims against Defendant Curtis based on actions taken by Curtis in his capacity as an agent of an LLC. However, the Court is unaware of precedent applying § 605.0304 to dispose of claims in the manner requested by Defendant. Moreover, the general rule of no personal liability for members and managers of an LLC is subject to numerous exceptions, therefore dismissal at the pleading stage would be inappropriate. *See Schojan v. Papa John's Int'l*, 34 F. Supp. 3d 1206, 1210 (M.D. Fla. 2014) ("Plaintiffs are not required to anticipate affirmative defenses in pleading their complaint."); Thomas O. Wells & Diane Noller Wells, *Judicial Exceptions to Limited Liability Protection Provided by Florida LLCs*, 90 FLA. B. J. 26 (2016).

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant Johnathan Curtis' Motion to Dismiss (Doc. 12) is **DENIED**. Defendant Curtis shall answer the Complaint no later than May 14, 2018.

**DONE AND ORDERED** in Orlando, Florida on April 30, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties